UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

HOLY TRINITY ST. JOHN THE THEOLOGIAN
GREEK ORTHODOX CHURCH                                                                          PLAINTIFF

V.                                                                                 CIVIL ACTION NO. 3:08cv510 DPJ-JCS

PARAMOUNT DISASTER RECOVERY, ET AL.                                                DEFENDANTS

ORDER

This fraud action is before the Court on the following motions: (1) Defendant Matthew P. Todd's motion to dismiss, or in the alternative, motion for summary judgment [13]; (2) the joint motion of Plaintiff Holy Trinity St. John the Theologian Greek Orthodox Church ("the Church") and Citibank, N.A. ("Citibank") to amend and join additional parties [21]; and (3) Todd's Motion for an extension of time to answer Citibank's cross-claim [26]. The Court, having considered the parties' submissions and pertinent authority, finds as follows.

**I.      Facts and Procedural History**

Plaintiff Holy Trinity St. John the Theologian Greek Orthodox Church, located in Jackson, Mississippi, suffered damages to its church building as a result of high winds during Hurricane Katrina. Plaintiff hired Defendant Paramount Disaster Recovery, Inc. ("Paramount") as its public adjuster to negotiate insurance claims with Plaintiff's insurer, Travelers Indemnity Company of Connecticut ("Travelers"). Defendant Matthew P. Todd, Paramount's vice president, traveled to Mississippi on several occasions in performance of Paramount's contractual duties and corresponded with Plaintiff regarding the claims.

On May 30, 2006, Travelers issued a check in the amount of $100,276.18 (the "Travelers check") payable to the Church and Paramount and mailed the check to Paramount in accordance

with the Notice to Carrier executed by Plaintiff. The check was negotiated and deposited into Paramount's account at Defendant CitiBank, N.A.'s branch in Rolling Hills Estate, California. On December 8, 2006, Paramount issued a check payable to the Church in the amount of $77,833.67, which was signed by Todd on behalf of Paramount. CitiBank debited all funds in Paramount's bank account on January 4, 2007, and froze all further activity on the account. When Plaintiff subsequently attempted to negotiate the Paramount check, it was returned unpaid by its bank.

Plaintiff filed this action in August 2008 against Paramount, Todd, and CitiBank. In the complaint, Plaintiff alleges that its indorsement on the Travelers check was forged and that Paramount and/or Todd converted the proceeds of the check to their own use. CitiBank filed a cross-claim against Todd to which Todd belatedly sought an extension of time to respond. Although Todd has yet to file a responsive pleading as to CitiBank, he did file a motion to dismiss the Church's suit with supporting affidavits. Plaintiff submitted its own affidavit in response and the Court will therefore consider Todd's motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. Finally, Plaintiff and Defendant CitBank filed a motion seeking leave to amend/correct the Complaint to join additional parties.

## II. Analysis

### A. Defendant Todd's Motion for Summary Judgment

Plaintiff's Complaint alleges that Todd (1) breached the contract between Plaintiff and Paramount; (2) engaged in fraudulent conduct; and (3) converted the proceeds of the Travelers check to his own use. Complaint ¶¶ 9 - 11.

2

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant must inform the court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and "identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim." *Fuentes v. Postmaster Gen. of U.S. Postal Serv.*, 282 F. App'x 296, 300 (5th Cir. 2008) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).[1]

    1. *Breach of Contract*

Todd submitted record evidence that he was not a party to the contract. Plaintiff's response ignores Todd's arguments regarding the breach of contract claim, which otherwise

---

[1]To the extent Todd's motion challenges the way Plaintiff drafted the Complaint, the Court finds that Plaintiff sufficiently pled the claims addressed herein to survive Rule 12(b)(6) under the standards announced in *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

appear meritorious. *See* Fed. R. Civ. P. 56(e) (noting that when an adverse party fails to respond with specific fact evidence, "summary judgment, if appropriate, shall be entered against the adverse party"); *Sanders v. Bell Helicopter Textron Inc.*, 199 F. App'x 309, 310 (5th Cir. 2006) (affirming dismissal where non-moving party failed to respond).

        2.        *Fraud and Conversion*

Plaintiff's fraud and conversion claims are premised on the allegations that Todd mishandled the Travelers check and forged the indorsement of the Church in order to deposit the funds into Paramount's account. It is clear under Mississippi law that an officer of a corporation may be held personally liable to an injured party only if he or she actively participates in the commission of a tort such as fraud or conversion. *Wilson v. S. Cent. Miss. Farmers*, *Inc.*, 494 So. 2d 358, 361 (Miss. 1986) (finding question of fact as to whether officer assisted in conversion of plaintiff's funds).

In support of his motion, Todd submitted record evidence disavowing any fraudulent conduct, including the unequivocal denial that he forged Plaintiff's indorsement or directed others to do so. In response, the Church attempted to create a circumstantial case that Todd was involved in the mishandling of the check and the forged signature. In particular, the Church offered the affidavit of Parish Counsel President Robert Blake indicating that the Travelers check reflected a forged indorsement; the Church dealt primarily with Todd; Todd requested that settlement checks be sent to him; Todd deposited settlement checks for Paramount; and Todd wrote the disputed check to the Church that was returned for insufficient funds. The Court acknowledges that it is a close call whether all of this creates material questions of fact. However, Defendant Todd filed his motion at the infancy of this case and before responding to

CitiBank's cross-claim. Thus, even if the Court granted Todd's motion as to the Church, he would still remain in the case and be subject to discovery from CitiBank which could lead to an inconsistent result. The Court finds that the sound administration of justice dictates denying Todd's motion as to these claims at this time. It could be that further discovery will more clearly show the absence of a material issue of fact as to one or more of these claims. If so, Todd is free to reurge his motion.

### 3. *Breach of Fiduciary Duty*

Although the Court has now addressed the claims that appeared in Plaintiff's Complaint, Plaintiff's response to the pending motion raised additional theories of liability. In fact, the primary focus of its response argued that Todd is liable for breaching his fiduciary duty to the church. Plaintiff's Response [17] at 7-8. However, "[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir.2005); *see also Spann ex rel. Hopkins v. Word of Faith Christian Ctr. Church*, 589 F. Supp. 2d 759, 771 n.8 (S.D. Miss. 2008). Plaintiff's Complaint raised no such claim.

### B. Joint Motion To Amend and Todd's Motion for Leave

The two remaining motions are interrelated. The Church and CitiBank jointly seek leave to amend the Church's Complaint and CitiBank's cross-claim to add an additional party. The time for doing so under the case management order expired before the present motion. For his part, Todd seeks leave to file a delinquent answer to CitiBank's original cross-claim.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a pleading "shall be freely given when justice so requires." The policy of the rule promotes adjudication of

5

the merits.  *See Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997).  Whether to grant leave lies within the sound discretion of the trial court.  *Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298, 1302-03 (5th Cir. 1995).  Leave should be given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment."  *In re Southmark*, 88 F.3d at 314-15.

However, in this case the deadline to join additional parties passed on January 12, 2009.  The Court nevertheless finds good cause to amend the scheduling order and grant the motion to amend.  When the deadline to amend passed, Todd had not made an initial appearance, and CitiBank maintains that its request to amend is due to information provided by Todd after the deadline expired.  Finally, as to CitiBank, it seeks leave to amend despite the fact that Todd has never answered.  These facts demonstrate good cause to amend the scheduling order under Rule 16(b)(4) and allow the amended pleadings.  Finally, the Court sees no prejudice given that discovery has not progressed past written discovery.  Accordingly, the Church and CitiBank are granted until July 31, 2009 to file their amended pleadings as reflected in the exhibit to their motion.

As for Todd's motion seeking leave to answer to CitiBank's cross-claim, his answer was past due before he sought the extension.  Although he claims that CitiBank consented, that does not relieve Todd from his obligation to seek an extension from the Court.  Nevertheless, CitiBank never sought a clerk's entry of default and has consented to Todd's requested leave provided that the Court grants CitiBank leave to amend its cross-claim.

Given the unique procedural history of this case, the Court finds that good cause exists to allow Todd time to answer. Moreover, because discovery has not begun in earnest, and the Court is granting CitiBank's motion to amend, the Court finds no prejudice in granting Todd's motion. However, it would be an unnecessary exercise to require an answer to the original cross-claim in light of the order allowing CitiBank to file an amended cross-claim. Accordingly, Todd is instructed to file a timely answer after CitiBank files its amended cross-claim.

**III.    Conclusion**

For the reasons stated in this order, Defendant Todd's summary judgment motion is granted in part and denied in part; the joint motion to amend is granted, amended pleadings must be filed no later than July 31, 2009; and Todd's motion for leave to file an untimely responsive pleading to CitiBank's cross-claim is granted, Todd is relieved of the duty to answer the original cross-claim but must file a timely answer to the amended cross-claim.

The parties are instructed to jointly contact the magistrate judge no later than September 1, 2009 for a status conference to adopt a new scheduling order.

**SO ORDERED AND ADJUDGED** this the 24th day of July, 2009.

　　　　　　　　　　　　　　　　　　s/ *Daniel P. Jordan III*
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE